IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARCY N. GRIFFIN,

        Plaintiff,

vs.                                    Case No. 10-1316-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.


MEMORANDUM AND ORDER

    This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits.  The matter has been fully briefed by the
parties.

**I.  General legal standards**

    The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's decision
to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by
such evidence that a reasonable mind might accept to support the

1

conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

2

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy.

Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On May 29, 2009, administrative law judge (ALJ) Robert J. Burbank issued his decision (R. at 11-16). Plaintiff alleges that she has been disabled since September 1, 2007 (R. at 11). Plaintiff is insured for disability insurance benefits through March 31, 2009 (R. at 13). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (R. at 13). At step two, the ALJ found that plaintiff had the following severe impairment:

4

mild degenerative disc disease of the lumbar spine (R. at 13).

At step three, the ALJ determined that plaintiff's impairments do

not meet or equal a listed impairment (R. at 14).  After

determining that plaintiff had the RFC to perform the full range

of light work as defined in 20 C.F.R. § 404.1567(b) (R. at 14),

the ALJ found at step four that plaintiff is able to perform past

relevant work (R. at 16).  Therefore, the ALJ concluded that

plaintiff was not disabled (R. at 16).

**III.  Are the ALJ's step four findings supported by substantial**
**evidence?**

At step four, the ALJ is required by Social Security Ruling

(SSR) 82-62 to make findings of fact regarding: 1) the

individual's residual functional capacity, 2) the physical and

mental demands of prior jobs or occupations, and 3) the ability

of the individual to return to the past occupation given his or

her residual functional capacity.  Henrie v. United States Dep't

of HHS, 13 F.3d 359, 361 (1993).  Thus, at the third or final

phase of the analysis, the ALJ determines whether the claimant

has the ability to meet the job demands found in phase two

despite the mental and/or physical limitations found in phase

one.  At each of these three phases, the ALJ must make specific

findings.  Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir.

2007);  <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996).[1]

An ALJ can comply with these requirements if he quotes the VE's

testimony with approval in support of his own findings at phases

two and three of the step four analysis.  <u>Doyal v. Barnhart</u>, 331

F.3d 758, 760-761 (10th Cir. 2003).[2]  When the ALJ fails to make

---

[1]In <u>Winfrey</u>, the court noted that the Secretary glossed over
the absence of the required ALJ findings by relying on the
testimony of the vocational expert (VE) that plaintiff could meet
the mental demands of his past relevant work, given his mental
limitations as found by the ALJ.  The court stated that this
practice of delegating to a VE many of the ALJ's fact finding
responsibilities at step four appears to be of increasing
prevalence and is to be discouraged.  The court went on to say as
follows:

> Requiring the ALJ to make specific findings
> on the record at each phase of the step four
> analysis provides for meaningful judicial
> review.  When, as here, the ALJ makes
> findings only about the claimant's
> limitations, and the remainder of the step
> four assessment takes place in the VE's head,
> we are left with nothing to review...a VE may
> supply information to the ALJ at step four
> about the demands of the claimant's past
> relevant work...[but] the VE's role in
> supplying vocational information at step four
> is much more limited than his role at step
> five...Therefore, while the ALJ may rely on
> information supplied by the VE at step four,
> the ALJ himself must make the required
> findings on the record, including his own
> evaluation of the claimant's ability to
> perform his past relevant work.

<u>Winfrey</u>, 92 F.3d at 1025.

[2]The ALJ's findings in <u>Doyal</u> were as follows:

> The vocational expert testified that the
> claimant's past relevant work as a
> housecleaner and sewing machine operator

findings at phase two of step four regarding the physical and/or
mental demands of plaintiff's past work, the case will be
remanded for a proper step four analysis.  Bowman v. Astrue, 511
F.3d 1270, 1271-1273 (10th Cir. 2008); Frantz v. Astrue, 509 F.3d
at 1303-1304; Kilpatrick v. Astrue, 559 F. Supp.2d 1177, 1182-
1185 (D. Kan. 2008)(Belot, D.J.).

        At phase one, the ALJ must determine plaintiff's RFC.  The
ALJ found that plaintiff has the RFC to perform the full range of
light work as defined in 20 C.F.R. § 404.1567(b) (R. at 14).
Because this case was decided at step four of the sequential
analysis, the burden is on the claimant to show that her
impairment(s) renders her unable to perform her past relevant
work.  Henrie, 13 F.3d at 360; Castine v. Astrue, 334 Fed. Appx.
175, 179 (10th Cir. June 26, 2009).

---

                would be classified as light and unskilled,
                and her past relevant work as an activities
                director would be classified as light and
                semiskilled.... The vocational expert
                indicated that the claimant's past relevant
                work as a housecleaner and sewing machine
                operator did not require lifting more than 20
                pounds, walking for prolonged periods, or
                performing tasks requiring bilateral normal
                grip strength.

Doyal, 331 F.3d at 760.  The ALJ found that plaintiff could
perform past relevant work as a housecleaner and a sewing machine
operator.  331 F.3d at 761.  As noted above, the ALJ cited with
approval the testimony of the vocational expert concerning the
physical demands of the 2 past jobs which the ALJ found that the
claimant could still perform.

The undisputed evidence from Steve Benjamin, the vocational expert, was that plaintiff's past work as a sales representative, motor vehicle and supplies, was light work according to the Dictionary of Occupational Titles (DOT), and as performed by the plaintiff.  Mr. Benjamin indicated that he was aware of the Social Security regulations pertaining to the physical exertional requirements of light work (R. at 174).  It was plaintiff's burden to establish that her impairments prevented her from doing her past light work, i.e., that she could perform less than a full range of light work.  <u>Castine</u>, 334 Fed. Appx. At 179.

There is no medical evidence in the record indicating that plaintiff could not perform a full range of light work as defined in 20 C.F.R. § 404.1567(b).[3]  Although plaintiff testified that she had limitations that prevented her from performing past work, the ALJ found that plaintiff's testimony and statements were not fully credible to the extent that they indicate that she cannot perform light work (R. at 15-16).  Plaintiff has not challenged

_____

[3]20 C.F.R. § 404.1567(b) *Light work*. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

the ALJ's credibility findings.  Thus, plaintiff has failed to establish that her impairments prevent her from performing a full range of light work as defined in the regulation.  See Castine, 334 Fed. Appx. At 179.

The remaining phases of step four require the ALJ to determine the physical and mental demands of the prior job, and then to determine the ability of the claimant to return to the prior job given his or her RFC.  The ALJ found that plaintiff was capable of performing past relevant work because this work did not require the performance of activities precluded by plaintiff's RFC.  In other words, at phase two, the ALJ found that, based on the work history evaluation by the VE, plaintiff's past work was considered light exertional work as actually and generally performed.  At phase three, the ALJ concluded that plaintiff could perform her past work given her RFC, which limited her to light work (R. at 16).  On these facts, the court finds that substantial evidence supports the ALJ's step four findings.  See Qualls v. Astrue, 2011 WL 2600546 at *6-7 (10th Cir. July 1, 2011)(no error in step four analysis when claimant found capable of performing a full range of light work, with no other limitations, and ALJ found that plaintiff could return to prior work which was light work); Parise v. Astrue, 2009 WL 3764119 at *4-5 (D. Kan. Nov. 10, 2009, aff'd, 2010 WL 4846097 at *2-3 (10th Cir. Nov. 30, 2010)(same).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 8th day of August, 2011, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge